IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RONALD L. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2057-JDT-tmp |
| | ) | |
| BILL OLDHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On May 5, 2015, mail sent to Plaintiff was returned as undeliverable [DE# 7] with a notation "moved, left no address." Plaintiff has made no effort to apprise the court of his new address. Therefore, the complaint is DISMISSED for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff's complaint is also DISMISSED because it fails to state a claim on which relief may be granted. See Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges that, as he left his jail pod, he slipped and fell in the hallway and injured his ankle, side, and knee.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege plausible facts of: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor,

316 F.3d 584, 590 (6th Cir.2003) (citations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from substantial risks to their safety. Farmer v. Brennan, 411 U.S. 825 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,' " not absolute safety. Id. at 844 (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)). A prison official may only be held liable under § 1983 for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Id. at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." Id. at 837.

Here, the alleged threat to Plaintiff's safety was due to a slippery jail floor. A slippery floor is not a sufficiently grave threat to constitute a substantial risk of serious harm as required to violate the Eighth Amendment. Bell v. Ward, 88 F. App'x 125, 127 (7th Cir.2004) (no substantial risk of serious injury when inmate who fell and required four stitches alleged that prison officials knew of and deliberately refused to remedy wet floor). Courts have routinely found that slip and fall accidents on wet prison floors do not give rise to federal causes of action. See, e.g., Reynolds v. Powell, 370 F.3d 1028,1031 (10th Cir.2004) (slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even though

inmate was on crutches and had warned prison employees that he was at heightened risk of falling); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir.1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); Marsh v. Jones, 53 F.3d 707, 711–12 (5th Cir.1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."). See also Bacon v. Carroll, 232 F. App'x 158, 160, 2007 WL 1244353 (3rd Cir. Apr.30, 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation).

Plaintiff may have a state law negligence claim, but his allegations do not state a claim for relief under § 1983. For these reasons, this action is DISMISSED with prejudice for failure to state a claim for which relief can be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013); see also Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required when a deficiency cannot be cured. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course,

that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."). The deficiencies in Plaintiff's § 1983 claim cannot be cured by amendment for the reasons previously stated.

Therefore, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and for failure to prosecute. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. When an appellant seeks to proceed *in forma pauperis* on appeal, the United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28

4

U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $505 appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by* LaFountain v. Harry, 716 F.3d at 951, the Sixth Circuit set out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures outlined in *McGore* and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. Coleman v. Tollefson, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 82 U.S.L.W. 3675 (U.S. Oct. 2, 2014) (Nos. 13-1333, 13A985).

The clerk is DIRECTED to enter judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE